UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURIE SNIDER-WILLIS,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:13-cv-05838-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

  On August 27, 2009, plaintiff filed an application for SSI benefits, alleging disability as of December 1, 2006, due to chronic pancreatitis, alcohol abuse in reported remission, hypothyroidism, hypertension, fatigue, recurrent major depression, posttraumatic stress disorder, alcohol dependence, depression, anxiety, pain, chronic diarrhea, and a panic disorder with agoraphobia. See ECF #11, Administrative Record ("AR") 21, 169. That application was denied

ORDER - 1

upon initial administrative review on November 5, 2009 and on reconsideration on February 11, 2010. See AR 21.  A hearing was held before an administrative law judge ("ALJ") on July 12, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 40-74.

In a decision dated August 10, 2011, the ALJ determined plaintiff to be not disabled. See AR 21-32.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 19, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 416.1481.  On September 30, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on December 11, 2013. See ECF #11.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the ALJ's decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the opinions of plaintiff's treatment providers; (2) in failing to find plaintiff's fatigue to be a severe impairment and to factor it into her residual functional capacity assessment; (3) in discounting plaintiff's credibility; and (4) in failing to properly separate out the effects of plaintiff's alcohol abuse from her other impairments.  For the reasons set forth below, the Court agrees the ALJ erred in failing to properly separate out the effects of plaintiff's alcohol abuse, and thus in determining plaintiff to be not disabled.  Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

ORDER - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. A claimant may not be found disabled if alcoholism or drug addiction ("DAA") would be "a contributing factor material to the Commissioner's determination" that the claimant is disabled. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J)). The Social Security Regulations also require the Commissioner to determine if "drug addiction or alcoholism is a contributing factor material to the determination of disability." Id. (citing 20 C.F.R. § 416.935(a)).

To determine whether alcoholism or drug addiction is a materially contributing factor, the ALJ first must conduct the five-step disability evaluation process "without separating out the impact of alcoholism or drug addiction." Id. at 955; see also SSR 13-2P, 2013 WL 621536 *6 (requiring that "the appropriate sequential evaluation process" be applied "to determine whether the claimant is disabled considering all of his or her impairments, including DAA"). If the claimant is found to be not disabled, he or she "is not entitled to benefits." Id. If the claimant is found to be disabled "and there is 'medical evidence of [his or her] drug addiction or alcoholism,'" the ALJ then proceeds "to determine if the claimant 'would still [be found] disabled if [he or she] stopped using alcohol or drugs.'" Id. (citing 20 C.F.R. § 416.935). Thus, if a claimant's current limitations "would remain once he [or she] stopped using drugs and alcohol," and those limitations are disabling, "then drug addiction or alcoholism is not material to the disability, and the claimant will be deemed disabled." Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001).

Plaintiff argues the ALJ failed to conduct a proper DAA analysis in this case, because she separated out the effects of plaintiff's alcohol abuse prior to determining whether or not she was

ORDER - 4

disabled. The Court agrees the ALJ so erred. Focusing on the ALJ's statement that the residual functional capacity with which she assessed plaintiff "is supported by the overall evidence of record, including the effects of [her] alcohol abuse" (AR 30), defendant argues the ALJ properly determined plaintiff to be not disabled, even considering the effects of such abuse. But it is clear from the ALJ's actual discussion of the record that she discounted much of the medical and other evidence indicative of potential disability based on plaintiff's alcohol abuse.

The ALJ, for example, discounted plaintiff's credibility in part on the basis that both her pancreatitis and mental health status improved during those periods when she was not drinking. See AR 28. The ALJ also discounted a number of the opinions of plaintiff's treatment providers and other medical sources in the record at least in part for the same reason and/or because they were unaware of the full extent of her alcohol abuse. See AR 29-30. The ALJ's statement to the contrary notwithstanding, therefore, she clearly separated out the effects of such abuse prior to determining plaintiff to be not disabled.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v.

ORDER - 5

Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). In light of the Ninth Circuit's decision in Bustamante, and because the ALJ found plaintiff had a number of severe mental and physical impairments, including alcohol abuse (see AR 23), the ALJ's failure to properly apply the DAA analysis in this case cannot be deemed to be harmless, thereby requiring reversal and remand to determine if plaintiff is disabled without first separating out the effects of such abuse. See 262 F.3d at 955-56.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 14th day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6